**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4597**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID HENDERSON, a/k/a Charldrick James Robinson,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (5:05-cr-00163-FL-1)

Submitted:  May 18, 2017                          Decided:  May 30, 2017

Before GREGORY, Chief Judge, and WILKINSON and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Henderson appeals the district court's judgment revoking his supervised release and imposing a sentence of 24 months in prison. Henderson admitted to violating the conditions of his supervised release by absconding from supervision, leaving the judicial district without permission of the court or probation officer, and committing new criminal conduct. The district court determined that his policy statement range under U.S. Sentencing Guidelines Manual § 7B1.4 (2015) was 21 to 24 months based on a Grade B violation and criminal history category VI. Henderson did not object to these calculations but asked the district court to consider some form of continued release. On appeal, he argues that his sentence is unreasonable because the district court erroneously sentenced him for a Grade B rather than a Grade C violation, and it abused its discretion in not giving adequate weight to his support system and medical diagnosis.[*] We affirm.

To revoke supervised release, a district court need only find that the defendant violated a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). We review a district court's decision to revoke a defendant's supervised release for abuse of discretion. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation omitted). "We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" *Id.*

---

[*] Henderson has also filed a pro se motion for leave to file a pro se supplemental brief. Because he is represented by counsel, and the appeal is not submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967), we deny the motion. *See United States v. Hare*, 820 F.3d 93, 106 n.11 (4th Cir.), *cert. denied*, 137 S. Ct. 224, *reh'g denied*, 137 S. Ct. 460 (2016); *United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011).

(citation omitted). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." *Id.* (citation omitted). In determining whether a revocation sentence is unreasonable, we are informed by the same procedural and substantive considerations that guide our review of original sentences, but we strike a more deferential appellate posture. *Id.* (quotation marks and citations omitted).

Henderson first contends the district court "erroneously sentenced him for a Grade B, rather than a Grade C violation." Because he did not object or raise this issue at his revocation hearing, we review the issue for plain error. *See United States v. Lemon*, 777 F.3d 170, 172 (4th Cir. 2015). To prevail, he "must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." *Id.* (internal quotation marks and citation omitted). Even if he makes such a showing, we may exercise our discretion to correct the error "only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 172-73 (internal quotation marks and citation omitted). We have reviewed the record and conclude that he fails to make this showing.

Henderson also contends the district court abused its discretion by not giving adequate weight to his support system and medical diagnosis. We disagree. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). In exercising such discretion, the district court is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." *Id.* at 641. We presume that a sentence within the policy statement range is reasonable. *Id.* at 642. We have reviewed the record and find no abuse

3

of discretion. The district court considered the policy statements in Chapter 7, correctly determined Henderson's policy statement range, and reasonably determined a sentence within the range was appropriate. In doing so, the district court considered the arguments that he made, including those regarding his medical diagnosis.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*